UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ESTHER GRUNWALD, as Mother and Natural Guardian
of T.G, an infant, and ESTHER GRUNWALD
Individually,

                                           Plaintiffs,        **VERIFIED COMPLAINT**
                                                      **AND JURY DEMAND**
         -against-

PEDRO R. MENCIA, M.D., REFUAH HEALTH
CENTER, BON SECOURS CHARITY HEALTH
SYSTEM MEDICAL GROUP, P.C., GOOD
SAMARITAN HOSPITAL AND UNITED STATES OF
AMERICA,
                                              Defendants.
------------------------------------------------------------------------X
**PLAINTIFFS DEMAND A TRIAL BY JURY**

Plaintiffs, by their attorneys, SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP,

complaining of the defendants herein, respectfully shows to the Court, and alleges as follows:

### JURISDICTION AND VENUE

1.       This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346, et seq., and

28 U.S.C. § 2671, et seq.

2.       Venue is proper in this judicial district pursuant to 28 U.S.C. §139, et seq., because

the negligence and medical malpractice, which gave rise to the claims occurred in the Southern

District of New York.

### THE PARTIES

3.       That at all times hereinafter mentioned Plaintiffs were/are residents of the County of

Rockland, State of New York

4.       That at all times hereinafter mentioned Defendants were/are residents of the County

of Rockland, State of New York.

3

## CONDITIONS PRECEDENT

5.      That on or about June 27, 2017, Plaintiffs filed Claims with the UNITED STATES OF AMERICA, which set out the particulars of the claims against the Defendants, PEDRO R. MENCIA, M.D., REFUAH HEALTH CENTER, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., GOOD SAMARITAN HOSPITAL AND UNITED STATES OF AMERICA.

6.      This action is now timely commenced as a notice of final determination of the claims being denied was made on or about March 29, 2018.

## AS AND FOR A FIRST CAUSE OF ACTION

7.      At all times hereinafter mentioned the plaintiff was a patient of PEDRO R. MENCIA, M.D. and/or REFUAH HEALTH CENTER and/or BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., and/or GOOD SAMARITAN HOSPITAL and/or UNITED STATES OF AMERICA.

8.      At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated, managed, maintained and controlled REFUAH HEALTH CENTER, a health care facility pursuant to the laws of the State of New York.

9.      At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had REFUAH HEALTH CENTER in its employment and/or under its control doctors, physicians assistants, nurses and other medical personnel necessary to provide patients with medical care and attention.

4

10.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ, PEDRO R. MENCIA, M.D., and other individuals whose names are currently unknown who were employees of REFUAH HEALTH CENTER.

11.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ, PEDRO R. MENCIA, M.D., and other individuals whose names are currently unknown who were employees of REFUAH HEALTH CENTER, who at all times were acting within the scope of their employment and at all times relevant to the complaint while rendering medical care, services and treatment to the plaintiff which was not in accordance with good and accepted medical practices.

12.     At all times mentioned herein, Defendant, UNITED STATES OF AMERICA and Defendant, REFUAH HEALTH CENTER, were so situated as to be vicariously responsible for the acts of each other.

13.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated, managed, maintained and controlled BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., a health care facility pursuant to the laws of the State of New York.

14.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., in its employment and/or under its control doctors, physicians assistants, nurses and other medical personnel necessary to provide patients with medical care and attention.

15.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ other individuals whose names are currently unknown who were employees of BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C.

16.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ, other individuals whose names are currently unknown who were employees of BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., who at all times were acting within the scope of their employment and at all times relevant to the complaint while rendering medical care, services and treatment to the plaintiffs which was not in accordance with good and accepted medical practices.

17.     At all times mentioned herein, Defendant, UNITED STATES OF AMERICA and Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., were so situated as to be vicariously responsible for the acts of each other.

18.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, owned, operated, managed, maintained and controlled GOOD SAMARITAN HOSPITAL, a health care facility pursuant to the laws of the State of New York.

19.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had GOOD SAMARITAN HOSPITAL, in its employment and/or under its control doctors, physicians assistants, nurses and other medical personnel necessary to provide patients with medical care and attention.

20.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ other individuals whose names are currently unknown who were employees of GOOD SAMARITAN HOSPITAL.

21.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, had in its employ, other individuals whose names are currently unknown who were employees of GOOD SAMARITAN HOSPITAL, who at all times were acting within the scope of their employment and at

6

all times relevant to the complaint while rendering medical care, services and treatment to the plaintiffs which was not in accordance with good and accepted medical practices.

22.     At all times mentioned herein, Defendant, UNITED STATES OF AMERICA and Defendant, GOOD SAMARITAN HOSPITAL, were so situated as to be vicariously responsible for the acts of each other.

23.     At all times herein mentioned, Defendant, UNITED STATES OF AMERICA, its agents, servants and/or employees held themselves out as qualified and competent to render requisite medical care and treatment to Plaintiffs, ESTHER GRUNWALD, as Mother and Natural Guardian of T.G, an infant.

24.     At all times herein mentioned, Defendant, REFUAH HEALTH CENTER, is a corporation established by and acting under and by virtue of the laws, statutes and ordinances of the State of New York.

25.     At all times herein mentioned, Defendant, REFUAH HEALTH CENTER, owned, operated, managed, maintained and controlled a health care facility pursuant to the laws of the State of New York, located at 728 North Main Street, Spring Valley, NY 10977, County of Rockland.

26.     At all times herein mentioned, Defendant, REFUAH HEALTH CENTER, held itself out to the general public as a medical and/or health institution and facility, possessing a reasonable degree of skill and competence to care for and treat the sick and infirm.

27.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., was a physician duly licensed to practice medicine in the State of New York.

7

28.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., held himself out to the general public as a physician, possessing a reasonable degree of skill and competence to care for and treat the sick and infirm.

29.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., rendered medical care and treatment to Plaintiffs, ESTHER GRUNWALD, as Mother and Natural Guardian of T.G, an infant.

30.     That at all times herein mentioned, PEDRO R. MENCIA, M.D., was an agent, servant and/or employee of Defendant, REFUAH HEALTH CENTER and/or THE UNITED STATE OF AMERICA.

31.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., was acting within the scope of and in furtherance of his employment with the Defendants, REFUAH HEALTH CENTER and/or UNITED STATES OF AMERICA.

32.     At all times mentioned herein, Defendant, UNITED STATES OF AMERICA and Defendant, PEDRO R. MENCIA, M.D., were so situated as to be vicariously responsible for the acts of each other.

33.     That at all times herein mentioned, PEDRO R. MENCIA, M.D., was an agent, servant and/or employee of Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C. and/or UNITED STATE OF AMERICA.

34.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., was acting within the scope of and in furtherance of his employment with the Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., and/or UNITED STATES OF AMERICA.

35.     At all times mentioned herein, Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C.  and/or UNITED STATES OF AMERICA and Defendant, PEDRO R. MENCIA, M.D., were so situated as to be vicariously responsible for the acts of each other.

36.     That at all times herein mentioned, PEDRO R. MENCIA, M.D., was an agent, servant and/or employee of Defendant, GOOD SAMARITAN HOSPITAL and/or UNITED STATE OF AMERICA.

37.     That at all times herein mentioned, Defendant, PEDRO R. MENCIA, M.D., was acting within the scope of and in furtherance of his employment with the Defendant, GOOD SAMARITAN HOSPITAL  and/or UNITED STATES OF AMERICA.

38     At all times mentioned herein, Defendant, GOOD SAMARITAN  and/or UNITED STATES OF AMERICA and Defendant, PEDRO R. MENCIA, M.D., were so situated as to be vicariously responsible for the acts of each other.

39.     At all times herein mentioned, Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., is a corporation established by and acting under and by virtue of the laws, statutes and ordinances of the State of New York.

40.     At all times herein mentioned, Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., owned, operated, managed, maintained and controlled a health care facility pursuant to the laws of the State of New York, located at 255 Lafayette Avenue, Suffern, NY 10901, County of Rockland.

41.     At all times herein mentioned, Defendant, BON SECOURS CHARITY HEALTH SYSTEM MEDICAL GROUP, P.C., held itself out to the general public as a medical and/or health

9

institution and facility, possessing a reasonable degree of skill and competence to care for and treat the sick and infirm.

42. At all times herein mentioned, Defendant, GOOD SAMARITAN HOSPITAL, is a corporation established by and acting under and by virtue of the laws, statutes and ordinances of the State of New York.

43. At all times herein mentioned, Defendant, GOOD SAMARITAN HOSPITAL, owned, operated, managed, maintained and controlled a health care facility pursuant to the laws of the State of New York, located at 255 Lafayette Avenue, Suffern, NY 10901, County of Rockland.

44. At all times herein mentioned, Defendant, GOOD SAMARITAN HOSPITAL, held itself out to the general public as a medical and/or health institution and facility, possessing a reasonable degree of skill and competence to care for and treat the sick and infirm.

45. The above medical care, diagnosis, treatment and services rendered to Plaintiffs, ESTHER GRUNWALD, as Mother and Natural Guardian of T.G, an infant, by all Defendants mentioned above were rendered carelessly, unskillfully, negligently, and not in accordance with good and accepted standards of medical care, diagnosis, treatment and services in the community, including not limited to, the failure to properly treat from December 19, 2015 through and including December 20, 2015; in failing to properly interpret Electronic Fetal Monitoring; in failing to properly react to Electronic Fetal Monitoring; in failing to deliver the baby in a timely method due to non-reassuring Electronic Fetal Monitoring; in failing to properly monitor plaintiffs;  in failing or neglecting to use due, reasonable or proper skill or care in preventing hypoxia, acidosis, hypoxic ischemic encephalopathy,  which was a proximate cause and/or a substantial contributing factor in causing plaintiffs pain and suffering and permanent injury; in failing or neglecting to use due,

10

reasonable or proper skill or care in timely delivering infant-plaintiff causing cognitive and physical delays; in failing or neglecting to use due, reasonable or proper skill or care in timely delivering infant-plaintiff causing cerebral palsy; in failing or neglecting to use due, reasonable or proper skill or care in preventing permanent injury; in failing to properly and thoroughly investigate plaintiffs symptoms; in failing to obtain informed consent; in failing to provide and report accurate results; in failing to administer the proper course of therapy; in failing to appreciate and/or consider the plaintiff's risk categories; in failing to manage the plaintiffs and chosen course of treatment; in failing  to render the appropriate course of treatment; and otherwise being careless and negligent under the circumstances.

46.     As a result of their recklessness, carelessness, and negligence, the defendants are liable for the injuries sustained by the Plaintiffs herein.

47.     As a result of their recklessness, carelessness, and negligence, the defendants are liable for the injuries sustained by the plaintiffs to the extent of FIFTEEN MILLION DOLLARS ($15,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

48.     Plaintiffs repeat and reallege each and every allegation set forth above with the same force and effect as though set forth herein at length.

49.     That at all times hereinafter mentioned, Plaintiff, **ESTHER GRUNWALD**, is the mother and natural guardian of infant-plaintiff, **T.G.**, and as such was/is entitled to the society, services and consortium of her child, **T.G**.

50.     That by reason of the foregoing, Plaintiff, **ESTHER GRUNWALD,** was deprived of

the society, services and consortium of the infant-plaintiff, **T.G.,** and shall forever be deprived of

said society, services and consortium, as well as economic loss.

51.     By reason of the above, Plaintiff, **ESTHER GRUNWALD,** has sustained damages,

both general and special, in an amount of TWO MILLION DOLLARS ($2,000,000.00.)

**WHEREFORE**, Plaintiffs demand judgment in the amount of FIFTEEN MILLION

DOLLARS ($15,000,000.00) against the defendants in the FIRST CAUSE OF ACTION; Plaintiffs

demand judgment in the amount of TWO MILLION DOLLARS ($2,000,000.00) against defendants

in the SECOND CAUSE OF ACTION, together with the costs and disbursements of this action.

Dated: New York, NY
     April 5, 2018

DAVID A. KATES, ESQ. (3469)
SCHWARTZ GOLDSTONE & CAMPISI, LLP
Attorneys for the Plaintiffs
90 Broad Street, Ste. 403
New York, NY 10004
212-962-2800

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESTHER GRUNWALD, as Mother and Natural Guardian of        **CERTIFICATE**
T.G, an infant and ESTHER GRUNWALD Individually,            **OF MERIT**

                                                    Plaintiffs,

            -against-

PEDRO R. MENCIA, M.D., REFUAH HEALTH CENTER,
BON SECOURS CHARITY HEALTH SYSTEM MEDICAL
GROUP, P.C., GOOD SAMARITAN HOSPITAL AND
UNITED STATES OF AMERICA,

                                                    Defendants.
-------------------------------------------------------------------X

      **DAVID A. KATES**, an attorney duly admitted to practice before the courts of this State, and

of **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP**, attorneys for Plaintiffs, affirms the

following to be true under penalties of perjury:

      I certify that I have reviewed the facts of this case and have consulted with a physician

licensed to practice in this State who I reasonably believe is knowledgeable in the relevant issues

involved in this action, and that I have concluded, on the basis of such review and consultation, that

there is a reasonable basis for the commencement of this action.

Dated: NEW YORK, NEW YORK
      April 5, 2018

                                      **DAVID A. KATES (3469)**

13

### ATTORNEY'S VERIFICATION

**DAVID A. KATES**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a Partner at **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP**, attorneys of record for Plaintiffs, in the action within. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff do not reside in the county wherein I maintain my offices.

DATED: New York, New York
        April 5, 2018

_____
**DAVID A. KATES (3469)**

14