UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ESTHER GRUNWALD, as Mother and Natural Guardian
of T.G., an infant, and ESTHER GRUNWALD,
Individually,

       Plaintiffs,

    -against-

BON SECOURS CHARITY HEALTH SYSTEM
MEDICAL GROUP, P.C., GOOD SAMARITAN
HOSPITAL, PEDRO R. MENCIA, M.D.,
REFUAH HEALTH CENTER, and
UNITED STATES OF AMERICA,

       Defendants.
-------------------------------------------------------------------X

Docket No.: 7:18-cv-03208-JCM

**INFANT COMPROMISE ORDER**

Upon reading and filing the Petition of **ESTHER GRUNWALD**, mother and natural guardian of the infant, **T.G.**, sworn to on March 8, 2023; the Affirmation of **DAVID A. KATES, ESQ.** dated March 16, 2023; the Affidavit of **CINDY L. BREITMAN, Ph.D., ABPP-CN** dated January 26, 2023; and upon all of the pleadings and proceedings heretofore had herein; and it appearing that the infant, **T.G.**, is now seven (7) years of age, having been born on the 20th day of December 2015, and the infant, the mother and natural guardian, and the attorney having appeared before me on the 19th day of May, 2023 and it appearing that it is in the best interests of the infant to settle and compromise her cause of action herein.

The complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation"), attached as Exhibit A. The Court has reviewed the Stipulation, Plaintiffs' motion for approval of the settlement, and the documents submitted in support of the motion, and heard Plaintiffs' arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the

necessity of the approval by the Attorney General of the United States and the availability of funds in the account established by Congress for the payment of settlement and judgments for claims cognizable under 42 U.S.C. § 233(g). *See* 42 U.S.C. § 233(k). The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the infant, T.G. The Court further finds that the terms and conditions of this settlement, as set forth in the Stipulation, satisfy the requirements of Local Civil Rule 83.2.

**NOW**, on the motion of **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP**, attorneys for the plaintiffs herein:

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement, as set forth in Exhibit A, is hereby approved. It is further ordered that Esther Grunwald, as mother and natural guardian of T.G., is authorized and required to sign any documents that are necessary to consummate this settlement on behalf of the infant, T.G.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court, *sua sponte*, finds good cause to permit the inclusion of the infant's full name and date of birth in the papers submitted in support of the Infant's Compromise Order;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the action on behalf of Trany Grunwald a/k/a Tziporah Grunwald, an infant, by her mother and natural guardian, Esther Grunwald, against defendant UNITED STATES OF AMERICA, is hereby settled for a total settlement value of **THREE MILLION ($3,000,000.00) DOLLARS**, as set forth in the terms and conditions of the Stipulation, in full satisfaction of all New York State Medical Indemnity Fund and Non-New York State Medical Indemnity Fund damages and in accordance with New York CPLR Article 12, and is hereby compromised and settled in accordance with and pursuant to the provisions of the New York State Medical Indemnity Fund, Article 2999-D of the Public Health Law ("PHL") of the State of New York (hereinafter "the NYSMI Fund");

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Infant Trany Grunwald a/k/a Tziporah Grunwald, qualified as an infant who sustained a birth related neurological injury as defined under PHL§2999(h)(1);

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Stipulation shall survive and shall not be merged into this Order, and the parties are hereby directed to comply with all of the terms and conditions of the aforesaid Stipulation as if such terms and conditions were set forth in their entirety herein;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the action of Trany Grunwald a/k/a Tziporah Grunwald, an infant, by her mother and natural guardian, Esther Grunwald, Plaintiff, against defendant UNITED STATES OF AMERICA, is hereby compromised and settled for a total settlement value of **THREE MILLION ($3,000,000.00) DOLLARS** which is allocated 50%, in the amount of **ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) Dollars** for non-fund damages as to the NYSMI Fund; and 50%, in the amount of **ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS** for fund damages as to the NYSMI Fund;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that of the total settlement of THREE MILLION ($3,000,000.00) Dollars, defendant UNITED STATES OF AMERICA is to pay **ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS** (hereinafter "Settlement Amount") as non-fund damages, in accordance with the terms and conditions of the Stipulation;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within 30 days of the service of a certified copy of this Infant's Compromise Order approving the settlement agreement the plaintiffs shall make an application for enrollment of infant Trany Grunwald a/k/a Tziporah Grunwald, in the NYSMI Fund in accordance with PHL §2999(j)(7) by providing the NYSMI Fund Administrator with a certified copy of this Infant's Compromise Order;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this settlement contemplates that infant Trany Grunwald a/k/a Tziporah Grunwald is admitted to the New York State Indemnity Fund;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that if infant Trany Grunwald a/k/a Tziporah Grunwald is not accepted into the New York State Indemnity Fund or closed out of the New York State Indemnity Fund this settlement is voided, and all parties agree to appear before this Court to either go forward with the trial of this matter or re-open settlement negotiations;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all payments for future medical expenses shall be paid in accordance with Title 4 of Article 29(D) of the Public Health Law, in lieu of that portion of settlement agreement that provides for payment of such expenses. The future medical expenses of Trany Grunwald a/k/a Tziporah Grunwald shall be paid in accordance with Title 4 of Article 29(D) of the Public Health Law;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiffs are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by Medicaid, Medicare, or healthcare providers. The Court hereby orders Plaintiffs, by and through their counsel, to satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including Medicaid and Medicare. The Court further orders that Plaintiffs and their counsel shall provide to the United States the information required by the Stipulation regarding the satisfaction or resolution of such liens or claims for payment or reimbursement within the time specified in the Stipulation;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation and upon receiving notice from the United States Attorney's Office for the Southern District of New York that the Settlement Amount has been processed, shall cause their

counsel to file with the United States District Court for the Southern District of New York a stipulation of dismissal pursuant to of this action in its entirety with prejudice as to the United States pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, with each party bearing its own costs, expenses, and fees. Upon the filing of such stipulation of dismissal, the United States Attorney's Office for the Southern District of New York shall transmit or cause to be transmitted to Plaintiffs' counsel the Settlement Amount;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's counsel, from its IOLTA Account, shall distribute the **ONE MILLION FIVE HUNDRED THOUSAND ($1,500,000.00) DOLLARS** paid by defendant **UNITED STATES OF AMERICA**, as follows:

(a) the sum of **FORTY-SIX THOUSAND SIX HUNDRED NINETEEN AND 04/100 ($46,619.04) DOLLARS** be allowed and made payable to **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP** for costs and disbursements incurred in connection with the preparation and prosecution of this action, and the Court finds such costs and expenses fair, reasonable, and necessary;

(b) the sum of **THREE HUNDRED SIXTY-THREE THOUSAND THREE HUNDRED FORTY-FIVE AND 24/100 ($363,345.24) DOLLARS,** an amount not exceeding twenty-five percent (25%) of the Settlement Amount, be allowed and made payable to **SCHWARTZ GOLDSTONE CAMPISI & KATES, LLP** as their Court approved attorneys' fees, in accordance with its retainer, related to all non-fund damages as well as New York State Medical Indemnity Fund (future medical care) and Non-New York State Medical Indemnity Fund damages;

(c) the sum **of ONE HUNDRED THIRTY-TWO THOUSAND EIGHT HUNDRED SIXTY-TWO and 55/100 ($132,862.55) DOLLARS** be allowed and made payable to **TREASURER, STATE OF NEW JERSEY** for full and final satisfaction of the Medicaid lien held on behalf of Trany Grunwald a/k/a Tziporah Grunwald, an infant;

(d) the sum of **SEVENTEEN THOUSAND ONE HUNDRED SIXTY-SIX and 58/100 ($17,166.58) DOLLARS** be allowed and made payable to **NEW YORK STATE DEPARTMENT OF HEALTH** for full and final satisfaction of the Medicaid lien held on behalf of Trany Grunwald a/k/a Tziporah Grunwald, an infant;

(e) that the balance of said settlement, to wit, the sum of **NINE HUNDRED FORTY THOUSAND SIX and 59/100 ($940,006.59) DOLLARS** be allowed and made payable to **ESTHER GRUNWALD,** mother and natural guardian of the infant, Trany Grunwald, jointly with an officer of TD bank located at 61 Route 59, Suffern, NY 10901 to be deposited in said bank in an account or accounts, yielding the highest rate of interest available, in the name of the and natural guardian, in trust for the Infant and sole use and benefit of the Infant; and that the time deposit accounts and certificate of deposit accounts shall be continuously renewed at maturity at the highest rate of interest then available, but the date of maturity thereof shall not extend beyond the date upon which the Infant attains the age of eighteen (18) years; and that when no such time deposit or certificate of deposit account is available, then the accumulated funds shall be placed in the bank's insured money market account; and that no withdrawals shall be made from said account, or accounts, before the Infant reaches the age of eighteen (18) years, except upon further order of this Court;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said depository wherein the proceeds of such compromise and settlement shall be held, shall pay over all monies

held in the account to Trany Grunwald a/k/a Tziporah Grunwald, upon demand and without

further court order, when the infant, Trany Grunwald a/k/a Tziporah Grunwald, reaches the age

of eighteen (18) years, upon presentment of proper proof thereof to such depository; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall

not retain jurisdiction over the action against the United States or the settlement.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties are

directed to file a status report on or before November 3, 2023.


Dated: August 3, 2023


SO ORDERED:


JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

ESTHER GRUNWALD, as Mother and Natural          :
Guardian of T.G., an infant, and ESTHER          :          18 Civ. 3208 (JCM)
GRUNWALD, individually,                          :

                                                 :
                         Plaintiffs,             :

                                                 :
            -against-                            :

                                                 :
UNITED STATES OF AMERICA,                        :

                                                 :
                         Defendant.              :
-------------------------------------------------------------- x

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs (meaning any person, other than the defendants and the parties' attorneys signing this agreement waiving and releasing claims, whether or not a party to this civil action), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1.      The parties to this Stipulation for Compromise Settlement and Release (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2.      This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees,

*Grunwald v. United States*, No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022

Page **1** of **13**

and it is specifically denied that they are liable to Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay Plaintiffs the sum of One Million, Five Hundred Thousand Dollars ($1,500,000.00) (hereinafter "Settlement Amount") as follows:

a.      Within five business days after counsel for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Social Security numbers or tax identification numbers of Plaintiffs and Plaintiffs' attorneys; (3) Order(s) approving the settlement, and authorizing an individual or entity to sign, on behalf of any minor or legally incapacitated adult; (4) a final determination by the New York State Medical Indemnity Fund (hereinafter "Fund") that Trany Grunwald ("T.G.") is covered by said Fund and that her future medical care costs will be paid by the Fund; and (5) an authorization by the Attorney General or his designee to conclude negotiations and to consummate the settlement, counsel for the United States will submit a request to the Health Resources and Service Administration, Department of Health and Human Services, requesting an electronic funds transfer ("EFT") for the Settlement Amount, made payable to the "Schwartz Goldstone Campisi & Kates, LLP **IOLTA Account**." Plaintiff's attorney agrees to distribute the Settlement Amount to Plaintiff, in accordance with the terms and conditions of this Stipulation.

b.      With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the

*Grunwald v. United States,* No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022

Settlement Amount into a qualified settlement fund or an equivalent fund or account, settlement

preservation trust, or special or supplemental needs trust. Plaintiffs further stipulate and agree

that the Plaintiffs, the Plaintiffs' attorney(s), any Guardian Ad Litem, and the Plaintiffs'

representatives (including any structured settlement annuity broker, regardless of whether said

broker was retained by them or by someone else, either before, during, or after the settlement)

will not attempt to structure the Settlement Amount in any way, form, or manner, including by

placing any of the Settlement Amount into any qualified settlement fund or its equivalent.

However, nothing in this Paragraph 3.b. precludes Plaintiffs from purchasing non-qualified

annuities after Plaintiffs have received the Settlement Amount, but Plaintiffs agree not to

represent to any person, entity, or agency that Plaintiffs are purchasing qualified structured

settlement annuities and Plaintiffs agree not attempt to purchase such structured settlement

annuities.

     c.     Plaintiffs stipulate and agree that their attorney shall escrow the aggregate face

value of any and all currently known liens and currently known claims for payment or

reimbursement, including any such liens or claims by Medicaid or Medicare, arising out of the

subject matter that gave rise to the above-referenced civil action, whether disputed as legally

valid or not, and shall not distribute to Plaintiffs any portion of the escrowed amount unless and

until said liens and claims have been paid or resolved.

     d.     The parties agree that any attorneys' fees owed by Plaintiffs relating to this

Federal Tort Claims Act matter shall not exceed twenty-five percent (25%) of the Settlement

Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with

Plaintiffs' costs and expenses incurred in bringing the above-referenced action, and their costs,

expenses, and fees (including all fees if any legal Guardian Ad Litem) associated with obtaining

court approval of this settlement on behalf of any minor, incompetent adult, or estate required to

sign this Stipulation, shall be paid out of the Settlement Amount, and not in addition thereto. The

parties agree that any fees, including fees of any legal Guardian Ad Litem, incurred in providing

legal services in this matter and in any court proceedings reviewing the settlement for approval

purposes or in obtaining a final determination by the Fund, shall be considered attorneys' fees

and not costs, and shall be subject to the provisions of 28 U.S.C. § 2678.

    4.    In consideration of the United States agreeing to settle this action on the terms and

conditions set forth herein, the Plaintiffs and Plaintiffs' guardians, guardian ad litem (if any),

heirs, executors, administrators, and assigns hereby agree to:

    a.    Accept the settlement and the payment of the Settlement Amount in full

settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action

of any kind, whether known or unknown, including any future claims for survival or wrongful

death, and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any

and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the

death of T.G., or damage to property, and the consequences thereof, which Plaintiffs or their

heirs, executors, administrators, or assigns may have or hereafter acquire against the United

States on account of the subject matter of that gave rise to the above-captioned action.

    b.    Release and forever discharge the United States, and its respective

officials, agencies, representatives, officers, employees, agents, assigns and attorneys, from any

and all claims, demands, rights, causes of actions, liens, and all other liabilities whatsoever,

whether known or unknown, suspected or unsuspected, that Plaintiffs have had, now have or

hereafter may have with respect to the same subject matter that gave rise to the above-captioned action, as well as claims relating to or arising out of the subject matter that gave rise to the above-captioned action that could have been but were not alleged in this action.

        c.      Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, rights, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

        d.      Accept legal responsibility for any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance company, Medicaid (including the State of New York), and Medicare, arising from the injuries that are the subject matter of this action. Plaintiffs stipulate and agree that they will satisfy or resolve any and all such past, present, and future liens or claims for payment or reimbursement asserted by any such individual or entity. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

    e.       Obtain a final determination by the Fund that T.G. is covered by said Fund and that her future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to apply T.G. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event T.G. is enrolled and accepted in the Fund, the Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain her enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of T.G., Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that T.G. has sustained a "birth-related neurological injury;" that she is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that she is therefore eligible for enrollment in the Fund. Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of T.G.'s enrollment in the Fund, the Settlement Amount of $1,500,000.00 to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (i.e., past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (i.e., future medical expenses) shall be One Million, Five Hundred Thousand Dollars ($1,500,000.00), for a total settlement of Three Million Dollars ($3,000,000.00). Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to provide the United States with a copy of Fund's written determination within ten (10) business days of receipt of the notice of the determination. In the event the Fund does not

accept T.G. for enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law. In the event the final determination of the Fund is to reject T.G. for enrollment, the parties stipulate and agree that the aforementioned "non-Fund damages" and "Fund damages" amounts are not binding on any party and shall be considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of Civil Procedure, and therefore the parties agree that they will not offer or use these damages amounts for any other purpose.

     5.     This compromise settlement is specifically subject to each of the following conditions:

     a.     The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

     b.     The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek settlement authority from the Attorney General or the

*Grunwald v. United States*, No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022

Attorney General's designee.

      c.     Plaintiffs must obtain, at their expense, approval of the settlement by a court of competent jurisdiction on behalf of T.G. The Order approving the settlement on behalf of T.G. may be obtained from either the United States District Court for the Southern District of New York or a state court of competent jurisdiction. The terms of any court Order, a draft of which shall be provided by the United States, are a condition of this settlement. Plaintiffs agree to obtain such approval(s) in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such approval is not obtained in a timely manner. In the event Plaintiffs fail to obtain such court approvals, the entire Stipulation and the compromise settlement are null and void. Plaintiffs must obtain such court Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

      d.     The Fund must accept T.G. application for enrollment and make a final determination that she is covered by the Fund and that the Fund will pay her future medical care costs. The Plaintiffs must obtain such final determination by the Fund before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

      e.     Plaintiffs must provide the United States with a complete set of the **extant** medical records of T.G., (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date

*Grunwald v. United States,* No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022
              Page **8** of **13**

Plaintiffs sign this Stipulation. Plaintiffs must provide all such extant medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee. In the event said records and reports reveal that T.G., had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the events at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void.

      f.      Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee, Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' attorney stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of Plaintiffs' records and files, Plaintiffs and their attorney are unaware of any such potential tortfeasor.

      g.      Plaintiff must obtain an order from the United States District Court for the Southern District of New York dismissing this action in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the District Court not retaining

jurisdiction over the above-captioned action, this settlement, or the United States.

        h.    The payment of this settlement is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the settlement in its entirety.

     6.    The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

     7.    Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by the United States as to tax consequences, and Plaintiffs agree that they are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without reliance on any representation by the United States as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

     8.    Plaintiffs represent that they have read, reviewed and understand this Stipulation, and that they are fully authorized to enter into the terms and conditions of this agreement and that they agree to be bound thereby. Plaintiffs further acknowledge that they enter into this

Stipulation freely and voluntarily. Plaintiffs further acknowledge that they have had sufficient opportunity to discuss this Stipulation with their attorney, who has explained the documents to Plaintiffs and that Plaintiffs understand all of the terms and conditions of this Stipulation.

9.      It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

**WHEREAS**, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

Executed this ___ day of _____, 2022.

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

By:      _____

ANTHONY J. SUN
Assistant United States Attorney
86 Chambers St., 3rd Floor
New York, New York 10007
(212) 637-2810
anthony.sun@usdoj.gov

*Grunwald v. United States*, No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022

Executed this 20th day of September 2022.

SCHWARTZ, GOLDSTONE, CAMPISI & KATES, LLP
*Attorney for Plaintiffs*

By:

David Kates, Esq.
Schwartz, Goldstone, Campisi & Kates, LLP
90 Broad St., Ste. 403
New York, NY 10004
(212) 962-2800

ARISBEL SOLIS
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01SO6414911
Qualified in Queens County
Commission Expires March 1, 20 25

*Grunwald v. United States*, No. 18 Civ. 3208 (JCM)
Stipulation for Compromise Settlement and Release
9/8/2022

Page **12** of **13**

Executed this *19TH* day of *OCTOBER*, 2022.

Plaintiff



_Esther Grunwald_

Esther Grunwald, on behalf of herself individually and as the mother and natural guardian of T.G.
Plaintiff

JACOB LUNGER
Notary Public - State of New York
No. 01LU5026181
Qualified in Rockland County
My Commission Expires 04/11/2026